# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOUISE FRANK, WIDOW OF
CLARENCE S. FRANK (DECEASED),
Claimant Below, Petitioner**

**vs.)   No. 12-1247** (BOR Appeal No. 2047042)
                        (Claim No. 2008049083)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Louise Frank, widow of Clarence S. Frank, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 20, 2012, in which the Board affirmed a March 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 15, 2009, decision denying Mrs. Frank's request for dependent's benefits relating to her husband's death. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Frank worked for Alcan Rolled Products as an aluminum plant worker. On August 9, 2007, he died. Following his death, Kelli A. Cawley, M.D., found that Mr. Frank had esthesioneuroblastoma and renal cell carcinoma. Dr. Cawley, nevertheless, believed that Mr. Frank's exposure to asbestos could have increased his risk of contracting these malignancies. Mrs. Frank then filed an application for dependent's benefits based on Mr. Frank's death. The

1

Occupational Pneumoconiosis Board reviewed Mr. Frank's case and concluded that occupational pneumoconiosis did not contribute in a material degree to his death. On April 15, 2009, the claims administrator denied Mrs. Frank's application for benefits based on the Occupational Pneumoconiosis Board's findings. Donald L. Rasmussen, M.D., then reviewed Mr. Frank's records. Dr. Rasmussen found that there was some evidence to support a relationship between Mr. Frank's death from renal cancer and his exposure to aluminum dust. Dr. Rasmussen noted that there was nothing in the record to suggest a respiratory cause of death but there was an increased incidence of renal cancer among aluminum production workers. John E. Craighead, M.D., also reviewed Mr. Frank's records and found that his cancer was not caused or associated with any alleged exposure to the hazards of occupational pneumoconiosis. Dr. Craighead indicated that the majority of epidemiological studies found no significant association between renal cancer and asbestos exposure. Joseph J. Renn III, M.D., finally, reviewed Mr. Frank's case and found that his death was the result of metastatic renal cancer which had no clear etiology. s Renn determined that Mr. Frank did not have occupational pneumoconiosis or asbestosis. Dr. Renn further found that Mr. Frank's occupation did not hasten or contribute to his death.

The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. The Occupational Pneumoconiosis Board considered the opinions of Dr. Cawley, Dr. Rasmussen, Dr. Craighead, and Dr. Renn. The Board found that the radiological evidence in the case revealed no parenchymal opacities, which suggested that Mr. Frank did not have occupational pneumoconiosis. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis did not contribute in any material degree to Mr. Frank's death. The Occupational Pneumoconiosis Board maintained that Mr. Frank's death was the result of metastasized renal cancer. On March 13, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 20, 2012, leading Mrs. Frank to appeal.

The Office of Judges concluded that the Occupational Pneumoconiosis Board's finding, that occupational pneumoconiosis did not contribute in a material degree to Mr. Frank's death, should be affirmed. The Office of Judges concluded that the findings and testimony of the Occupational Pneumoconiosis Board were not shown to be clearly wrong. The Office of Judges found that, even after reviewing the opinions of Dr. Cawley and Dr. Rasmussen, the Occupational Pneumoconiosis Board maintained that occupational pneumoconiosis did not contribute in any material degree to Mr. Frank's death. The Office of Judges also noted that the Occupational Pneumoconiosis Board found that Dr. Cawley and Dr. Rasmussen's opinions were vague and lacked scientific support. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Frank has not demonstrated that she is entitled to dependent's benefits related to Fr. Frank's death. Mrs. Frank has not shown that occupational pneumoconiosis contributed in any material degree to her husband's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). The Occupational Pneumoconiosis Board found that Mr. Frank died from complications of renal cancer and that occupational pneumoconiosis did not hasten his death or prevent him from receiving treatment for his cancer. The opinions of Dr. Cawley and

Dr. Rasmussen are too speculative in nature to support Mrs. Frank's application for dependent's benefits. The remainder of the record supports the findings of the Occupational Pneumoconiosis Board.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II